IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY BRIAN MALLGREN,

        Plaintiff,

v.                                                             No. 16cv1295 MV/WPL

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff Anthony Brian Mallgren's: (i) Complaint, Doc. 1, filed November 28, 2016 ("Complaint"); (ii) Fee Waiver Request, Doc. 3, filed November 28, 2016; and (iii) Electronic Filing Request, Doc. 4, filed November 28, 2016. For the reasons stated below, the Court will: (i) **DISMISS** Plaintiff's Complaint as frivolous; (ii) **DISMISS** this case without prejudice; (iii) **DENY** Plaintiff's Fee Waiver Request as moot; and (iv) **DENY** Plaintiff's Electronic Filing Request as moot.

This is the third of four cases that Plaintiff has filed in this Court in November and December, 2016. *See Mallgren v. Thomas*, No. 16cv1256 JCH/KBM; *Mallgren v. United States*, No. 16cv1285 JAP/KBM; *Mallgren v. United States*, No. 16cv1351 KBM. In the first case, United States District Judge Judith C. Herrera noted that Plaintiff had previously filed 98 cases in federal courts since September 2012, many of which were frivolous or meritless, described how Plaintiff has failed to comply with Court rules in her case, and informed Plaintiff that the District of New Mexico has the third highest number of total filings per judgeship in the federal district court system and, consequently, has a strong interest in managing its docket and minimizing the impact of frivolous or meritless actions on its resources. *See* Doc. 14 at 2-3, *Mallgren v. Thomas*, No. 16cv1256 JCH/KBM (December 7, 2016). Judge Herrera then notified Plaintiff that failure

to comply with the Federal Rules of Civil Procedure, the District of New Mexico's Local Rules of Civil Procedure, and orders and other rules of the Court, may result in the imposition of filing restrictions on Plaintiff.

Judge Parker dismissed the complaint in the second case as frivolous and dismissed the case for lack of jurisdiction.  *See* Doc. 6 at 2-4 in *Mallgren v. United States*, No. 16cv1285 JAP/KBM (December 12, 2016).

The Complaint in this case, which was filed before Judge Herrera entered her Order, is also frivolous.   Plaintiff's Complaint states in its entirety:

> Incorporation: 16-cv-NYSD-5805
> 16-2-2917
> 16-cv-DC-1770
> 13-cv-DC-1200
> 16-cv-NM-1256
> 16-cv-NM-1285

Complaint at 2-3.   The Complaint does not refer to the exhibit attached to the Complaint which includes an email regarding Plaintiff's CM/ECF account for this Court.

The Court will dismiss the Complaint as frivolous because it does not contain a short and plain statement of a claim showing that Plaintiff is entitled to relief or a demand for the relief sought, as required by Fed. R. Civ. P. 8(a)(2) and (3).   *See Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006) (Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings); 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim").

The Complaint also does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").  The Court will dismiss this case without prejudice because it lacks jurisdiction to consider Plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court will deny Plaintiff's Fee Waiver Request and Electronic Filing Permission Request as moot.

The Court reminds Plaintiff that if he continues to file frivolous actions or documents, or fails to comply with Court orders or rules, the Court may impose filing restrictions on Plaintiff. *See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("[E]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved").

**IT IS ORDERED** that:

(i)  Plaintiff's Complaint, Doc. 1, filed November 28, 2016, is **DISMISSED as frivolous.**

(ii)  This case is **DISMISSED without prejudice.**

(iii)   Plaintiff's Fee Waiver Request, Doc. 3, filed November 28, 2016, is **DENIED as moot.**

(iv)   Electronic Filing Request, Doc. 4, filed November 28, 2016, is **DENIED as moot.**

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**